**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4029**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LARENTO VALENTINO GRADY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. James C. Fox, Senior District Judge. (4:16-cr-00012-F-1)

Submitted: June 22, 2017                                     Decided: June 26, 2017

Before GREGORY, Chief Judge, and FLOYD and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larento Valentino Grady appeals his 151-month sentence imposed following his guilty plea to distributing cocaine base, in violation of 21 U.S.C. § 841 (2012), and possessing a firearm as a convicted felon and aiding and abetting, in violation of 18 U.S.C. §§ 2, 922(g) (2012). Grady's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court erred in sentencing Grady as a career offender under the Sentencing Guidelines. Grady was notified of his right to file a pro se supplemental brief but has not done so. The Government moves to dismiss the appeal pursuant to the appeal waiver provision in Grady's plea agreement. For the reasons that follow, we grant the Government's motion and dismiss the appeal.

We review de novo the validity and effect of an appeal waiver. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). "[W]e will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if, in view of the totality of the circumstances, the defendant entered it knowingly and intelligently. *United States v. Davis*, 689 F.3d 349, 355 (4th Cir. 2012). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks omitted).

Our review of the plea agreement and the transcript of the Rule 11 colloquy leads us to conclude that Grady knowingly and intelligently waived his right to appeal. The sentencing challenge Grady raises on appeal falls squarely within the scope of the waiver. Grady contends that the Government's motion to dismiss is premature in light of our obligation to review the record under *Anders*. However, we have thoroughly reviewed the record in accordance with *Anders* and have identified no potentially meritorious issues that would fall outside the waiver's broad compass. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005) (describing nonwaivable issues). Accordingly, we dismiss the appeal.

This court requires that counsel inform Grady, in writing, of the right to petition the Supreme Court of the United States for further review. If Grady requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Grady.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*